52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Karim Aziz ABDULLAH, Plaintiff-Appellant,
v.
David L. MYERS; Linda Cooper; John D. Rees, Defendants-Appellees.
 No. 94-5782.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1995.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 Karim Aziz Abdullah, a Tennessee state prisoner, appeals pro se the dismissal of his complaint filed under the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq., and the civil rights laws. 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Abdullah filed this action against the Corrections Corporation of America, two of its officials, and the warden of the prison where he is incarcerated. Abdullah alleged that he was performing services for less than the federal minimum wage and that if such services were not performed by prisoners the defendants would be required to find an alternate source at greater expense. He also claimed that he had been denied minimum wages without due process. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 Upon review, we conclude that the complaint was properly dismissed, as it lacks an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 5
 Other circuits which have addressed this issue have concluded that prisoners are not employees entitled to the minimum wage because the prison has a rehabilitative rather than a pecuniary interest in encouraging inmates to work, because the relationship is not an employment relationship but a custodial one, and because the purposes of the Fair Labor Standards Act are not implicated in this situation, as the prisoner does not require the minimum wage to maintain his standard of living, which is provided by the state, and there is no unfair competition with employers outside the prison. See, e.g., Harker v. State Use Indus., 990 F.2d 131, 133 (4th Cir.), cert. denied, 114 S.Ct. 238 (1993); Vanskike v. Peters, 974 F.2d 806, 809-10 (7th Cir.1992), cert. denied, 113 S.Ct. 1303 (1993). It has also been held that a potential claim is stated only where the prisoner is performing work on a voluntary basis and is being paid by an entity other than his custodian. Henthorn v. Department of Navy, 29 F.3d 682, 686-87 (D.C.Cir.1994).
 
 
 6
 It is clear that, under the above analysis, this complaint lacks merit. The fact that the prison in which Abdullah is incarcerated is managed by a private contractor does not render the interest served by providing work for the inmates into a pecuniary rather than a rehabilitative one. Under either scenario, services not performed by prisoners would have to be obtained at a greater expense. The parties maintain a custodial rather than an employment relationship. Abdullah does not require the federal minimum wage to maintain his standard of living, and no employer outside the prison is subjected to unfair competition. Nor is Abdullah being paid by an entity other than his custodian. The cases cited by Abdullah in support of his argument are easily distinguished.
 
 
 7
 Because Abdullah has no right to receive the federal minimum wage, he was likewise not entitled to any due process rights in the determination of his wage rate. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983); Sims v. Parke Davis & Co., 334 F.Supp. 774, 792-93 (E.D.Mich.), aff'd, 453 F.2d 1259 (6th Cir.1971) (per curiam), cert. denied, 405 U.S. 978 (1972). The dismissal of this complaint is accordingly affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation